

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Antonio Bechara Fagundo y Carlos Emilio Bechara Fagundo<br><br>Peticionarios<br><br>v.<br><br>Hon. María Rodríguez Cintrón, Registradora de la Propiedad del Estado Libre Asociado de Puerto Rico, Sección de San Germán<br><br>Recurrida | Certiorari<br><br>2011 TSPR 181<br><br>183 DP R \_\_\_\_ |

Número del Caso:  RG - 2009 - 5

Fecha: 5 de diciembre de 2011

Abogados de la Parte Peticionaria:

Lcdo. José M. Biaggi Landrón

Parte Recurrida:

Lcda. María Rodríguez Cintrón
Registradora de la Propiedad

Materia:  Cobro de Dinero

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Antonio Bechara
Fagundo y Carlos Emilio
Bechara Fagundo

    Peticionarios

        v.

Hon. María Rodríguez Cintrón,
Registradora de la Propiedad
del Estado Libre Asociado de
Puerto Rico, Sección de San
Germán

    Recurrida

RG-2009-5     Recurso
             Gubernativo

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 5 de diciembre de 2011.

En esta ocasión debemos resolver si un miembro de una sucesión puede solicitar una anotación preventiva de demanda en el Registro de la Propiedad al amparo de la excepción consagrada en el Art. 113 de la Ley Hipotecaria de Puerto Rico, 30 L.P.R.A. sec. 2402. Esto, a pesar de que los inmuebles objeto de controversia en la demanda cuya anotación solicita el anotante están inscritos a nombre de su causante y otros, y no surge del Registro de la Propiedad ningún documento pendiente de inscripción mediante el cual se transmita un derecho real o se reconozca el derecho hereditario a favor del anotante.

I

El 30 de noviembre de 2009 los Sres. José Antonio y Carlos Emilio Bechara Fagundo (peticionarios) comparecieron ante este Tribunal mediante un recurso gubernativo. Nos solicitan la revisión de la denegatoria de recalificación que el 6 de noviembre de 2009 emitió la Registradora de la Propiedad, Hon. María Rodríguez Cintrón (Registradora), en el Registro de la Propiedad, Sección de San Germán (Registro), y que se ordenara la inscripción de la "Instancia" solicitando anotación preventiva de demanda en el Registro. A continuación un resumen de los hechos que dieron lugar a este recurso.

A

En noviembre de 2008 el Sr. José Antonio Bechara Fagundo (señor Bechara Fagundo) presentó ante el Registro una copia certificada de una demanda sobre Sentencia Declaratoria. En ella figuraban como parte demandante los peticionarios en este caso, Melissa y Mari Olga, ambas de apellidos Bechara Fagundo. Como parte demandada, Western Shopping Center Norte, Inc., Inmobiliaria Bechara Bravo, Inc., Dennis Bechara Bravo, Eileen Bechara Bravo y la sucesión de José Antonio Bechara Bravo compuesta por sus herederos: Antonio José Bechara Bravo, Sylvia Bechara Irizarry, Sylvia Irizarry Estrada y Fulano de tal.

Los demandantes cuestionaron, por varios fundamentos,[1] la validez de dos escrituras[2] sobre *Protocolización de oferta de permuta, adhesión y permuta* (escrituras) que otorgó el Sr. José Antonio Bechara Bravo (causante). Según surge del expediente, en las referidas escrituras el causante permutó su participación abstracta, común y proindivisa sobre unas propiedades inmuebles que pertenecían a una comunidad hereditaria compuesta por él, sus dos hermanos, Dennis y Eileen Bechara Bravo, y la Sra. Zaida Bravo Monagas, por acciones de las corporaciones Western Shopping Center Norte, Inc. e Inmobiliaria Bechara Bravo, Inc. Según alegaron los demandantes, el efecto de convalidar las escrituras de permuta antes aludidas era "privar y/o [sic] lesionar la porción correspondiente a la legítima de los demandantes en el caudal del causante".[3]

Junto con la copia certificada de la demanda, el señor Bechara Fagundo presentó ante el Registro un

---

[1] Específicamente el incumplimiento con los requisitos del Art. 33 de la Ley Notarial, 4 L.P.R.A. sec. 2051; incumplimiento con los Arts. 1232 y 1388 del Código Civil, 31 L.P.R.A. secs. 3453 y 3856; nulidad e ineficacia de la comparecencia por poder y de las escrituras; y falta de capacidad del causante para otorgar las escrituras. Apéndice del recurso gubernativo, págs. 30-35.

[2] Estas son: Escritura número 7 sobre *Protocolización de oferta de permuta, adhesión y permuta* otorgada el 19 de julio de 2007 ante el notario Enrique Alcaraz Micheli y Escritura número 8 de *Protocolización de oferta de permuta, adhesión y permuta* otorgada el 17 de septiembre de 2007 ante el mismo notario.

[3] Los demandantes en ese caso solicitaron al Tribunal de Primera Instancia, entre otras cosas, que se declarara nulo e ineficaz el traspaso o permuta de los inmuebles descritos en las escrituras objeto de controversia en el foro primario por acciones de las referidas corporaciones y que se ordenara a la Registradora a abstenerse de inscribir en los libros a su cargo las referidas escrituras mediante las cuales se traspasaron o permutaron los bienes inmuebles. Apéndice del recurso gubernativo, pág. 39.

documento intitulado "Instancia" en que solicitó a la Registradora realizar la anotación preventiva de la referida demanda al amparo de los Arts. 112 y 113 de la Ley Hipotecaria de Puerto Rico, 30 L.P.R.A. secs. 2401 y 2402. En agosto de 2009 la Registradora emitió una notificación de denegatoria de inscripción, fundamentada en que la acción de los demandantes en el foro primario no tenía como base un derecho real inscrito, por lo que debían obtener una orden del tribunal para poder anotar la demanda en el Registro. La Registradora también señaló que se debía acreditar la notificación a la parte adversamente afectada de que la demanda se presentaría en el Registro, conforme con lo dispuesto en el Art. 115.2 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, Reglamento Núm. 4783 de 1992 (Reglamento Hipotecario).

Inconforme con esa determinación, el señor Bechara Fagundo presentó oportunamente ante el Registro una solicitud de recalificación. En noviembre de 2009 la Registradora nuevamente emitió notificación de denegatoria de inscripción por los mismos fundamentos que expuso en la denegatoria de agosto de 2009. Aún en desacuerdo con la determinación de la Registradora, los peticionarios[4] presentaron ante este Tribunal el recurso gubernativo de referencia.

---

[4] Quien compareció ante la Registradora fue el Sr. José Antonio Bechara Fagundo por medio de su representación legal, el Lcdo. José M. Biaggi Landrón. Sin embargo, el recurso gubernativo de referencia fue presentado por los hermanos Sres. José Antonio y Carlos Emilio Bechara Fagundo (los peticionarios).

En síntesis, los peticionarios alegan que la Registradora erró al denegar la solicitud de anotación preventiva de la demanda en el Registro porque no tenían un derecho real inscrito como base para su acción y requerirles una orden del tribunal a esos efectos, conforme al Art. 113 de la Ley Hipotecaria, *supra*. Con particularidad, los peticionarios señalan que en las escrituras cuya nulidad se reclama en el foro primario y de las constancias en el Registro surge que las fincas sobre las que se solicita anotación preventiva están inscritas en común proindiviso a nombre del causante y sus dos hermanos, Dennis y Eileen Bechara Bravo. Señalan, además, que ante el fallecimiento del causante, sus herederos le sustituyen y advienen comuneros proindiviso de los inmuebles en cuestión. Asimismo, los peticionarios manifiestan que el causante otorgó un testamento ológrafo que fue debidamente adverado y protocolizado en el que reconoció a los peticionarios, demás demandantes, y los codemandados Antonio José Bechara Irizarry, Sylvia Bechara Irizarry y Sylvia Irizarry Estrada como herederos suyos.[5]

Finalmente, los peticionarios invocaron lo resuelto por este Tribunal en <u>Quiñones Reyes v. Registrador</u>, 175 D.P.R. 861 (2009), y adujeron que debido a que no existe personalidad jurídica distinta entre la comunidad hereditaria y los miembros que la componen, los herederos obtuvieron la misma titularidad que el causante ostentaba

---

[5] Véase <u>Apéndice del recurso gubernativo</u>, págs. 47-52.

registralmente. Por lo anterior, los peticionarios arguyen que al presentar la copia certificada de la demanda -incluyendo como anejo las escrituras y el acta de protocolización del testamento ológrafo del causante- ante el Registro, cumplieron con la excepción establecida en el Art. 113 de la Ley Hipotecaria, *supra*, y lo resuelto en Quiñones Reyes v. Registrador, *supra*.

Por su parte, la Registradora expresó en su alegato que ciertamente quienes surgen como titulares de las fincas sobre las que se presentó copia certificada de demanda en el Registro son el causante, sus dos hermanos, Dennis y Eileen Bechara Bravo, y la Sra. Zaida Bravo Monagas, mas no los peticionarios. Asimismo, señaló que tampoco surgía del Registro algún documento que estuviera pendiente de inscripción mediante el cual se les transmitiera a los peticionarios algún derecho real sobre las fincas en controversia.[6] Específicamente, la Registradora indicó que no se presentó en el Registro el acta de protocolización del testamento ológrafo que los peticionarios alegan les reconoce derecho hereditario en común proindiviso sobre las fincas objeto de controversia en el foro primario. Tampoco presentaron en el Registro las escrituras, sino que copias simples de éstas -al igual que ocurrió con el acta de protocolización del testamento ológrafo- fueron anejadas a la copia certificada de

---

[6] Según surge del alegato de la Registradora, de todas las fincas mencionadas en las escrituras, sólo dos (6029 y 6030) correspondían a la demarcación del Registro de la Propiedad, Sección de San Germán. Además, las escrituras para esas fincas que no aparecen presentadas en el Registro. Alegato de la Registradora de la Propiedad, pág. 2.

demanda. Así, pues, la Registradora sostiene que los peticionarios necesitan una orden del tribunal para que ella proceda con la anotación preventiva de demanda en el Registro porque los recurrentes no cumplieron con la excepción del Art. 113 de la Ley Hipotecaria, *supra*.[7] Veamos el derecho aplicable a la controversia.

## II

## A

El Registro de la Propiedad tiene como propósito la registración de los actos y contratos relativos a los bienes inmuebles mediante un sistema de publicidad de títulos. Se da publicidad a los títulos que contienen las adquisiciones, modificaciones y extinciones del dominio y demás derechos reales sobre dichos bienes, así como los derechos anotables sobre los mismos, y de las resoluciones judiciales que afectan la capacidad civil de los titulares.[8] El Registro de la Propiedad es público, por lo que cualquier persona puede examinar el estado jurídico de los bienes inmuebles o derechos reales inscritos.[9]

Los Registradores de la Propiedad son los funcionarios públicos a cargo de las secciones del Registro de la Propiedad.[10] Como parte de sus

---

[7] Alegato de la Registradora de la Propiedad, pág. 10.

[8] Art. 7, Ley Hipotecaria de Puerto Rico. (30 L.P.R.A. sec. 2051).

[9] Art. 23, Ley Hipotecaria de Puerto Rico. (30 L.P.R.A. sec. 2101).

[10] Art. 8, Ley Hipotecaria de Puerto Rico. (30 L.P.R.A. sec. 2052).

responsabilidades, el Art. 64 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2267, en la parte pertinente establece que:

> Los Registradores calificarán, bajo su responsabilidad la legalidad de los documentos de toda clase en cuya virtud se solicite un asiento. Dicha calificación comprenderá las formas extrínsecas de los documentos presentados, la capacidad de los otorgantes y la validez de los actos y contratos contenidos en tales documentos. Los registradores fundamentarán su calificación de los actos y contratos a registrarse en los documentos que se presenten, los asientos registrales vigentes y las leyes.
>
> .   .   .   .   .   .   .   .
>
> En cuanto a los documentos expedidos por la autoridad judicial, la calificación expresada se limitará:
> (1) A la jurisdicción y competencia del tribunal: a la naturaleza y efectos de la resolución dictada si ésta se produjo en el juicio correspondiente; y si se observaron en él los trámites y preceptos esenciales para su validez;
> (2) a las formalidades extrínsecas de los documentos presentados, y
> (3) a los antecedentes del Registro.
>
> .   .   .   .   .   .   .   .

Así, el Art. 64 de la Ley Hipotecaria, *supra*, ordena a los registradores a calificar "bajo su responsabilidad la legalidad de los documentos de toda clase en cuya virtud se solicite un asiento". Reiteradamente hemos expresado que la calificación registral constituye la piedra angular del principio de legalidad y exige del Registrador un juicio de crítica jurídica sobre la validez y eficacia de los negocios jurídicos contenidos en los documentos presentados para que sólo tengan acceso al

Registro de la Propiedad los títulos que cumplan con las exigencias legales.[11]  Así, pues, el Registrador de la Propiedad califica los documentos para extender o denegar la inscripción, anotación, nota o cancelación solicitada.[12] De igual forma, surge del Art. 64 de la Ley Hipotecaria, *supra*, que la función calificadora del Registrador se limita a los "documentos que se presenten, los asientos registrales vigentes y las leyes".  Por lo anterior, un registrador de la propiedad no puede descansar en suposiciones o interpretaciones en el ejercicio de su facultad para calificar los documentos presentados ante el Registro de la Propiedad para su inscripción.[13]

Un principio medular en nuestro ordenamiento registral inmobiliario es el principio de tracto sucesivo el cual surge del Art. 57 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2260, y establece que:

> Para registrar documentos por los que se declaren, transmitan, graven, modifiquen, o extingan el dominio y demás derechos reales sobre bienes inmuebles, deberá constar previamente registrado el derecho de la persona que otorgue o en cuyo nombre sean otorgados los actos o contratos referidos.
>
> Se denegará la registración de resultar inscrito el derecho a favor de persona distinta de la que otorga la transmisión o gravamen.  No obstante, podrán inscribirse sin el requisito de la previa inscripción las resoluciones

---

[11] <u>BL Investment v. Registrador</u>, 173 D.P.R. 833, 839 (2008); <u>Rigores v. Registrador</u>, 165 D.P.R. 710, 719 (2005); <u>Alameda Tower Associates v. Muñoz Román</u>, 129 D.P.R. 698, 706 (1992).

[12] Art. 67, Ley Hipotecaria de Puerto Rico. (30 L.P.R.A. sec. 2270). Véase <u>BL Investment v. Registrador</u>, *supra*, en la pág. 839.

[13] <u>Preciosas V. Del Lago v. Registrador</u>, 110 D.P.R. 802, 809 (1981).

y ejecutorias, que se refieren en las
secs. 2761 a 2777 de éste título.

En otras palabras, el principio de tracto sucesivo "exige que el historial jurídico de cada finca inmatriculada, respecto de sus sucesivos titulares registrales, aparezca sin saltos ni lagunas".[14] Esto es, que para que se cumpla con el principio registral de tracto sucesivo debe constar registrado previamente el derecho de la persona que otorgó el acto que pretende inscribir en el Registro. Por lo anterior, se requiere que "el transferente de hoy sea el adquirente de ayer y que el titular registral actual sea el transferente de mañana".[15] Consecuentemente, si no se cumple con el principio de tracto sucesivo, procede la denegatoria de la inscripción.

B

Por otra parte, la anotación preventiva es un mecanismo que imparte publicidad en el Registro a la interposición de una *litis*, en la que se ejercita alguna pretensión procesal relativa al dominio o a los derechos reales sobre la finca en cuestión.[16] Tiene el propósito de advertir que la titularidad del derecho inscrito está subordinada al resultado de un litigio.[17] Dicho de otro

---

[14] L. Rivera Rivera, <u>Derecho Registral Inmobiliario Puertorriqueño</u>, 2da ed., San Juan, Editores Jurídica, 2002, pág. 219.

[15] R.M. Roca Sastre, <u>Derecho Hipotecario</u>, 9na ed., Barcelona, Ed. Bosch, 2008, T. II, vol. 1, pág. 429.

[16] <u>Quiñones Reyes v. Registrador</u>, 175 D.P.R. 861, 870 (2009).

[17] Íd.; <u>Segarra v. Vda. De Llorens</u>, 99 D.P.R. 60, 69 (1970).

modo, la anotación preventiva de demanda "[asegura] un rango al derecho real que como consecuencia del litigio pueda constituirse, asegurando la retroactividad del mismo al momento de la anotación de la demanda frente a los terceros que hayan inscrito en el intermedio algún derecho".[18] Por otro lado, hemos señalado que la anotación preventiva no da ni quita derechos[19] y carece de los demás efectos, defensivos y ofensivos, de una inscripción.[20] Sin embargo, de prevalecer el promovente en el litigio instado, la anotación preventiva se convertirá en un asiento definitivo de inscripción a su favor.[21]

Los Arts. 112 y 113 de la Ley Hipotecaria, *supra*, regulan la anotación preventiva de demanda. El Art. 112 de la Ley Hipotecaria, *supra*, enumera quiénes podrán pedir la anotación preventiva. En su parte pertinente, el Art. 112 de la Ley Hipotecaria, *supra*, establece que puede pedir anotación preventiva,

> 1ro. El que reclamare en juicio la propiedad de bienes inmuebles o la constitución, declaración, modificación o extinción de cualquier derecho registrable o el que reclamare en alguna acción que afecte al título de propiedad inmueble, o sobre la validez y eficacia, o invalidez o ineficacia,

---

[18] Quiñones Reyes v. Registrador, *supra*, en la pág. 870; Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 678 (1989) citando a J.L. Lacruz Berdejo y F.A. Sancho Rebullida, Derecho Inmobiliario Registral, Barcelona, Librería Bosh, 1977, pág. 269.

[19] Segarra v. Vda. De Llorens, *supra*, en la pág. 69.

[20] Echevarría Jiménez v. Sucn. Pérez Meri, *supra*, en la pág. 678.

[21] Véase Art. 114 de la Ley Hipotecaria. (30 L.P.R.A. sec. 2403).

> del título o títulos referentes a la adquisición, constitución, declaración, modificación o extinción de los precitados derechos registrables.

.    .    .    .    .    .    .    .

En relación con los incisos uno, dos y tres del Art. 112 de la Ley Hipotecaria, *supra*, el Art. 115.2 del Reglamento Hipotecario, *supra*, dispone que "se notificará al afectado por la anotación de conformidad con las Reglas de Procedimiento Civil y deberá acreditarse tal notificación, de manera fehaciente, ante el Registrador en cualquier momento antes de inscribirse la venta judicial o sentencia correspondiente".

De otra parte, el Art. 113 de la Ley Hipotecaria, *supra*, establece que:

> En el caso del número uno del artículo anterior, no podrá hacerse la anotación preventiva sino cuando se ordene por providencia judicial dictada a instancia de parte legítima y en virtud de documento bastante al prudente arbitrio del juzgador, excepto cuando la acción tenga un derecho real inscrito como base para su ejercicio, en cuyo caso será suficiente para su anotación en el Registro la presentación de copia certificada de la demanda.

Es decir, que como regla general, la anotación preventiva de demanda requerirá una orden y mandamiento judicial autorizando la anotación en el Registro. A manera de excepción, puede practicarse tal anotación sin la intervención judicial cuando la acción tenga como base un derecho real inscrito por quien solicita la anotación.

En todos los casos, el anotante debe presentar copia certificada de la demanda.

En Quiñones Reyes v. Registrador, 175 D.P.R. 861 (2009), nos expresamos acerca de la referida excepción establecida en el Art. 113 de la Ley Hipotecaria, *supra*. En ese caso resolvimos que a pesar de que una sociedad especial tiene una personalidad jurídica independiente a la de sus socios, éstos, en representación de la sociedad especial, pueden acudir al Registro y solicitar la anotación preventiva de demanda sin orden y mandamiento del Tribunal, siempre que el socio especial cumpla con los requisitos esbozados en los Arts. 112 y 113 de la Ley Hipotecaria, *supra*.[22]

En aquella ocasión fuimos enfáticos al mencionar que el socio que solicita la anotación preventiva de demanda al amparo de la excepción establecida en el Art. 113 de la Ley Hipotecaria, *supra*, tenía que cumplir con todos los requisitos de tal artículo. Con particularidad, mencionamos que: (1) la acción judicial tenía que estar fundamentada en un derecho real inscrito a favor de la sociedad especial; (2) que el litigio fuese dirigido a afectar la titularidad del bien inmueble en controversia; y (3) que el socio actuara en representación de la sociedad y no en su carácter personal.[23] Respecto a eso último, dijimos que de la faz de la demanda que presenta

---

[22] Quiñones Reyes v. Registrador, *supra*, en la pág. 878.

[23] Quiñones Reyes v. Registrador, *supra*, en las págs. 879-880.

un socio debe surgir que instó la acción judicial en representación de la sociedad especial, y no en su carácter personal.[24] No basta con incluir en el epígrafe de la demanda que comparece en tal carácter.

A la luz de la normativa reseñada, evaluemos las faltas notificadas por la Registradora al denegar la anotación preventiva de demanda en este caso.

### III

La Registradora emitió una notificación de denegatoria de inscripción porque la acción de los peticionarios en el foro primario no tenía como base un derecho real inscrito, por lo que debían obtener una orden del tribunal para poder anotar la demanda en el Registro conforme el Art. 113 de la Ley Hipotecaria, *supra*. La Registradora también señaló que los peticionarios debían acreditar su cumplimiento con el requisito de notificación previa establecido en el Art. 115.2 del Reglamento Hipotecario, *supra*. Por su parte, los peticionarios sostienen que la Registradora erró al denegar la inscripción de la anotación preventiva de demanda en el Registro, toda vez que los peticionarios contaban con un derecho real inscrito como base para su acción: el derecho de su causante.

Como expusiéramos, uno de los peticionarios, el Sr. José Antonio Bechara Fagundo, presentó ante el Registro una copia certificada de demanda y una instancia mediante

---

[24] Íd. en la pág. 878.

la que solicitó a la Registradora la anotación preventiva de la misma. Recordemos que en la referida demanda parte de una sucesión impugnó ante el foro primario la validez de unas escrituras mediante las cuales su causante permutó su participación abstracta, común y proindivisa sobre unos inmuebles. Tales bienes pertenecían a una comunidad hereditaria compuesta por el causante, sus dos hermanos, Dennis y Eileen Bechara Bravo y Zaida Bravo Monagas, y ellos eran los que constaban en el Registro como titulares de las fincas.[25]

Así las cosas, al momento de calificar los documentos presentados en el Registro por el señor Bechara Fagundo, la Registradora se percató de que los bienes sobre los que se solicitó la anotación preventiva de demanda estaban inscritos a nombre de personas distintas a las que pedían la referida anotación. Asimismo, indicó que del Registro no surgía que los peticionarios hayan sido titulares registrales o tengan algún derecho real sobre dichas fincas. La Registradora señaló que tampoco surgía del Registro algún documento que estuviera pendiente de inscripción mediante el cual se les transmitiera a los peticionarios algún derecho real sobre las fincas. Específicamente, la Registradora destacó que no se presentó en el Registro el acta de protocolización del testamento ológrafo que los peticionarios alegan les reconoce derecho hereditario en común proindiviso sobre

---

[25] Alegato de la Registradora de la Propiedad, pág. 3.

las fincas objeto de controversia en el foro primario, ni las escrituras de permuta. Es decir, no había tracto sucesivo en el Registro que reflejara el derecho real inscrito de los peticionarios.

Por lo anterior, la Registradora concluyó que el señor Bechara Fagundo no tenía como base un derecho real inscrito para su acción en el foro primario. En consecuencia, el señor Bechara Fagundo no cumplió con la excepción establecida en el Art. 113 de la Ley Hipotecaria, y la Registradora insistió en la denegatoria de la solicitud de anotación preventiva de demanda en el Registro hasta tanto los peticionarios obtuviesen una orden y mandamiento del tribunal.

Como discutimos, la Registradora en su función calificadora debe asegurarse que sólo tengan acceso al Registro los títulos que cumplan con las exigencias legales. Dicha función calificadora está limitada por el Art. 64 de la Ley Hipotecaria, *supra*, pues ese artículo establece que la Registradora fundamentará su calificación únicamente en "los documentos que se presenten, los asientos registrales vigentes y las leyes". La Registradora no puede basar su calificación en suposiciones o interpretaciones.

En este caso, no hay constancia en el Registro del derecho real inscrito de los peticionarios sobre el cual fundamentan su acción en el foro primario. Los documentos que los peticionarios señalan como fuente que les reconoce su derecho hereditario sobre los bienes del causante

-entiéndase, las escrituras de permuta y el acta de protocolización de testamento ológrafo- fueron presentados como copias simples incluidas como anejos en la copia certificada de demanda cuya anotación preventiva se solicita. Al presentar los documentos de esa manera, ni las escrituras ni el acta de protocolización de testamento ológrafo tienen acceso al Registro como títulos sujetos a calificación y posterior inscripción. Tampoco la Registradora podía basarse en ellos para suplir la falta de tracto sucesivo que surgía del Registro. Esto es así, pues, según el Art. 42 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2205, para inscribir los títulos en el Registro, "deberán constar en escritura pública, ejecutoria o documento auténtico expedido por autoridad judicial o funcionario competente, en la forma que prescriben las leyes y reglamentos, salvo en los casos en que expresamente la ley establezca una forma distinta".

La Registradora, a base de los documentos que se presentaron adecuadamente, los asientos registrales vigentes y las leyes, no podía concluir otra cosa. Los bienes inmuebles objeto de controversia no estaban inscritos a nombre de los peticionarios, sino a nombre de su causante. A falta de constancias en el Registro que acreditaran la condición de herederos que tenían los peticionarios,[26] o documento mediante el cual adquirieran o

---

[26] En el contexto de anotaciones preventivas de derechos hereditarios hemos resuelto, a modo ilustrativo, que el testamento y el certificado de defunción de un causante son documentos esenciales cuando se trata de un legado y para la inscripción del derecho hereditario. Rosado v. Registrador, 118 D.P.R. 577, 583

se les transmitiera la titularidad de los inmuebles en cuestión, inscribir la anotación preventiva de la demanda en este caso hubiese sido en contravención al propio Art. 113 de la Ley Hipotecaria, *supra*.

Finalmente, los peticionarios alegan que de acuerdo con lo resuelto por este Tribunal en Quiñones Reyes v. Registrador, ellos, en su carácter de representantes de la comunidad hereditaria, cumplieron con la excepción reconocida en el Art. 113 de la Ley Hipotecaria, *supra*. Alegan los peticionarios que si este Tribunal reconoció que, aun cuando existe personalidad jurídica independiente entre una sociedad especial y sus socios, un socio especial puede solicitar anotación preventiva de demanda al amparo de la excepción establecida en el Art. 113 de la Ley Hipotecaria, *supra*, aunque el inmueble en controversia esté inscrito en el Registro a nombre de la sociedad, cuánto más no debe reconocerse lo mismo a las comunidades hereditarias y sus miembros, pues en ese caso no existe personalidad jurídica distinta.

Las circunstancias de los peticionarios en este caso se distinguen claramente de las que enfrentamos en Quiñones Reyes v. Registrador. En ese caso, el señor Quiñones en carácter de socio especial de la sociedad, solicitó anotación preventiva de demanda en la

_____

(1987). Respecto a la inscripción del derecho hereditario, en Herederos de Collazo v. Registrador, 172 D.P.R. 776,788-789 (2007), añadimos que en casos de sucesiones testadas los interesados deben presentar una certificación del Registro de Testamentos acreditativa de que el testamento no ha sido revocado o modificado y la certificación sobre cancelación de gravamen de contribución sobre la herencia en el Departamento de Hacienda.

que el bien inmueble en controversia <u>estaba inscrito a nombre de la sociedad especial</u>. Ante ese hecho, resolvimos que a pesar de que la sociedad especial tiene una personalidad jurídica independiente a la de sus socios, éstos, en representación de la sociedad especial, pueden acudir al Registro y solicitar la anotación preventiva de demanda sin orden y mandamiento del Tribunal, siempre que el socio especial cumpla con los requisitos esbozados en los Arts. 112 y 113 de la Ley Hipotecaria, *supra*.[27]

Debemos recordar que en <u>Quiñones Reyes v. Registrador</u>, enfatizamos que el socio especial que invocara la excepción del Art. 113 de la Ley Hipotecaria, *supra*, debía cumplir a cabalidad con dicho artículo. Es decir, que la acción judicial que inspira la anotación preventiva de demanda en el Registro (1) **tenía que estar fundamentada en un derecho real inscrito a favor de la sociedad especial**; (2) que el litigio fuese dirigido a afectar la titularidad del bien inmueble en controversia; y (3) que el socio actuara en representación de la sociedad y no en su carácter personal.[28]

Los peticionarios argumentan que cumplen con los requisitos mencionados, pues, según alegan, de la faz de las alegaciones de la demanda surge que los títulos de los inmuebles en controversia se verán afectados con el

---

[27] <u>Quiñones Reyes v. Registrador</u>, *supra*, en la pág. 878.

[28] Íd. en las págs. 879-880.

resultado del pleito incoado en el foro primario. Arguyen que la demanda se presentó "considerando la repercusión y beneficio a todos los herederos del caudal", y que como miembros de la sucesión del causante tienen derecho a solicitar la anotación preventiva de demanda. Acerca del derecho real inscrito como base para su acción, expresaron que ostentan el título inscrito en comunidad de su causante.

Al examinar los hechos del caso de referencia al amparo de los criterios del Art. 113 de la Ley Hipotecaria y lo resuelto en Quiñones Reyes v. Registrador, como vimos, los peticionarios incumplen con un requisito importante. Esto es, ni los peticionarios, ni la comunidad hereditaria que alegan representar, tienen un derecho real inscrito como base para su acción en el foro primario. Precisamente, en eso último se distingue Quiñones Reyes v. Registrador del caso ante nuestra consideración. En Quiñones Reyes v. Registrador la controversia no se trataba de un problema de tracto sucesivo sino del carácter representativo del anotante. Acceder a la propuesta de los peticionarios no sólo implica contravenir el Art. 113 de la Ley Hipotecaria, *supra*, sino, además, pasar por alto el principio registral de tracto sucesivo, pues en casos como este, no consta registrado previamente el derecho de la persona que otorgó el acto que se pretende inscribir en el Registro.

Por lo anterior, no erró la Registradora al denegar la solicitud de anotación preventiva de demanda en este

caso. Le corresponde a los peticionarios obtener y presentar una orden o mandamiento judicial que instruya a la Registradora a practicar la anotación preventiva de demanda que solicitan, tal como lo exige el Art. 113 de la Ley Hipotecaria, *supra*. Además, deberán notificar a las partes adversamente afectadas por dicha anotación, según el Art. 115.2 del Reglamento Hipotecario, *supra*. En la alternativa, los peticionarios deberán solicitar a la Registradora la inscripción de su derecho hereditario conforme al Art. 95 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2316.[29] De esa forma, los peticionarios tendrán el derecho real inscrito que requiere la excepción del Art. 113 de la Ley Hipotecaria, *supra*.

IV

Por los fundamentos antes expuestos, se confirma la nota denegatoria que emitió la Hon. María Rodríguez Cintrón, Registradora de la Propiedad, Registro de la Propiedad, Sección de San Germán el 6 de noviembre de 2009.

Se dictará sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

---

[29] Para una exposición más detallada de la inscripción del derecho hereditario en el Registro de la Propiedad, véase <u>Herederos de Collazo v. Registrador</u>, 172 D.P.R. 776 (2007).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Antonio Bechara
Fagundo y Carlos Emilio
Bechara Fagundo

    Peticionarios

       v.

Hon. María Rodríguez Cintrón,
Registradora de la Propiedad
del Estado Libre Asociado de
Puerto Rico, Sección de San
Germán

    Recurrida

RG-2009-5     Recurso
               Gubernativo

SENTENCIA

San Juan, Puerto Rico, a 5 de diciembre de 2011.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se confirma la nota denegatoria que emitió la Hon. María Rodríguez Cintrón, Registradora de la Propiedad, Registro de la Propiedad, Sección de San Germán el 6 de noviembre de 2009.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo